Case number 317-0478, Village of Bolingbrook, FLE by Neal Smith v. Illinois American Water Company and American Lake Water Company. Appellants by Nicole Henning. You may proceed. Good afternoon, Your Honors. May it please the Court, Nicole Henning on behalf of the defendants' appellants. At bottom, this case is about whether the circuit court erred when it granted voluntary dismissal after this court had already dismissed the case for lack of jurisdiction. Or, put another way, the case asks whether the circuit court erred by granting affirmative relief of voluntary dismissal after this court had vacated as void all prior orders in the case and held that the ICC has exclusive jurisdiction over the matter. The circuit court did err, and it did so for at least three reasons that I'd like to discuss today. The first is that the voluntary dismissal order, a grant of affirmative relief to plaintiffs, exceeded the circuit court's jurisdiction in this case, as this court had already found, because jurisdiction in this matter lies exclusively with the Illinois Commerce Commission. Second, and relatedly, it exceeded this court's mandate from the prior trip to this court on appeal, where this court found that all prior orders in the case were vacated as void for lack of jurisdiction. Then the case was dismissed, the appeal was dismissed. The appeal was dismissed after the prior orders were vacated, yes. Generally that means, so there's, pending at the trial level, this case.  So when the mandates issued, the ruling from our court was that the other orders were vacated for lack of jurisdiction. Correct. And those were like, you know, denial, summary judgment, denial. All prior orders in the case, yes. And then it said, therefore, the appeal is dismissed because we don't have jurisdiction. Correct, after all prior orders were vacated. So when an appeal was dismissed, then there's something left at the trial court. That wasn't in the order dismissed, the proceedings below, right? Well, all prior orders were vacated as void. Yeah, but the proceeding, there was a cause of action at the trial level. Well, the case, the court was, the circuit court was told it did not have jurisdiction over the case. Okay, so you could do a motion to dismiss based on lack of jurisdiction, right? Well. A motion to dismiss based on lack of jurisdiction. There was no remand in the matter, so. Right, I know there was no remand. There was a mandate that was issued. There was a ruling. Right. Right. But the underlying case wasn't dismissed. The appeal was dismissed. So my understanding is that absent a remand, with all prior orders vacated, the case was effectively terminated. What case do you have to support that theory? I don't have a particular case, however. You have always said that, isn't it? Not that I'm aware of standing here today. However, the circuit court, there are procedures when there is a remand to continue proceedings in the case. And given that there is no remand, there are no procedures to continue proceedings in a case where a court has been told it has no jurisdiction to issue orders. We vacated all the judgments and we then dismissed the appeal for lack of jurisdiction. Yes. So it was not the law that says cause of action. There was no order dismissing the cause of action. Is that correct? There was an order saying there was no jurisdiction over the cause of action, correct. Okay. Now, a 619 motion could be filed for lack of jurisdiction. It's my understanding that no, it could not because there was no mandate. Well, that's your position. Correct. But, you know, when there's an appellate court opinion, then the pervading party can file, you can get rid of that underlying case by filing a motion to dismiss based on lack of jurisdiction. That is not our understanding of the circuit rules, or the circuit court rules. What law do you have to base that on? There is a local rule. I couldn't cite it to you, but it essentially says how to reactivate an action after a mandate when there is a remand. Okay. When the underlying case in this order that was issued didn't dismiss the underlying, it was still there, right? If the court has been told it doesn't have jurisdiction over it and it can't issue orders with respect to it. Well, like I say, the first example of the 619 motion, right? The statute is a motion to dismiss the lack of jurisdiction. Sure. Right? Yes. Yes. And that is an involuntary dismissal motion. Yes. And this order didn't say what happened on that. Part of the appeal was on the prior involuntary, but all the orders were vacated, right? Yes. That was your appeal, the denial of the lack of jurisdiction. Correct. It isn't the law that a trial court without jurisdiction can do either dismiss a case for lack of jurisdiction on motion, or if there is no motion, it's actually supposed to do it sua sponte, right? The only order that a trial court without jurisdiction can enter is a dismissal for lack of jurisdiction, correct? Correct. Correct. And certainly a trial court has a duty not to issue void orders that it knows are void, which in this case the court's mandate should have instructed the circuit court that granting affirmative release of, excuse me, relief of voluntary dismissal is a void order. The court didn't give directions, though, in this case. The appellate court didn't give directions, did it? The appellate court was very clear that exclusive jurisdiction lies with the Illinois Commerce Commission and that all prior orders were therefore void. So then the other side threw a voluntary dismissal? They requested and were granted a voluntary dismissal, correct. When there is no mandate and there's no direction, implicit direction, and the appeal is dismissed, then there's this action below, right, that hasn't been dismissed yet, right? It's still pending there. It's – I don't think we're going to agree on this point. I think that once the court says there's no jurisdiction over it, it's not still pending. So there's a file down there that – There's a case file with a mandate from this court finally disposing of the case by saying it is – the court lacks jurisdiction over it. Well, the court lacked jurisdiction. The rulesfully vacated the other things and then dismissed the appeal. And then filed a mandate to the effect that the court has no jurisdiction. But really the key point, as far as I'm concerned, is – and as far as appellants are concerned – is that the court informed the circuit court that it had no jurisdiction over the matter and that its orders were void because of that. So the real issue is under 2109 whether or not it can fit under what happens when there's a ruling like this, whether or not you can grant 1009A relief or not. Well, there are three issues. The first is whether there is jurisdiction to grant any relief, affirmative relief at all. 1009 is affirmative relief because the plaintiff has to ask for it and it has consequences in later litigation. And plaintiffs have been very open that the reason they ask for it here is to invoke the benefits of those consequences, namely a year's extension to file a new action without statute of limitations. Now, when the judge did that, the judge was asked to do it without fringes, which the judge refused to do. Correct. Refused to do without fringes. Correct. Yet with that order, that very order, the village went to the Illinois Commerce Commission and requested relief based on it. Again, they had to file a motion. That motion was opposed. Relief was granted. And the relief was attempted to be used. Well, in a nutshell, we ruled that the trial court had no jurisdiction. Correct. The trial court didn't. And for that reason, we said we had no jurisdiction. Correct. Therefore, dismissed. Correct. Now, when we issued the mandate, somehow the trial court wasn't magically revested or initially vested with jurisdiction. And if it had jurisdiction to do anything, it was only to dismiss the appeal or dismiss the cause for lack of jurisdiction. Correct. Involuntarily, yes. Dismissed for lack of jurisdiction. And voluntary and involuntary dismissal are fundamentally different in this context because the one is part of the inherent authority of the court to make sure that its docket is clean of orders that are void. In fact, the court has an affirmative duty to ensure that void orders do not remain on its docket. And the second is an affirmative grant of relief at the request of plaintiff. So not only is it a jurisdictional issue about whether you have affirmative relief, but as you're getting at it, it's also contradictory to the court's mandate in that the court said you don't have jurisdiction to enter orders and then an order was entered. And that's the law of this case. Correct. Yes, it is. And that's the core of our argument. Absolutely, Your Honor. But to talk about Rule 1009, even if we move past jurisdiction and the mandate, both of which are case dispositive issues. Back on this point. If an appellate court grants a motion, if they dismiss an appeal and dismiss the appeal, now they've also said the court doesn't have jurisdiction. In trial courts, can dismiss cases for lack of jurisdiction? Yes, they can grant an involuntary dismissal, yes. And normally when an appeal is dismissed, the law is that the jurisdiction vests back in the service board. So if there is – If an appeal is dismissed, then the jurisdiction vests back in the trial court. If the – in many circumstances, that might be true because, for example, if an appeal was untimely and it was just dismissed as untimely, I would agree with you. In this case, I think you certainly couldn't act consistent with the mandate by issuing further relief in the case after the court has instructed that – the circuit court that it has no jurisdiction in this case, and therefore all orders that it issues are void because, again, the court has an obligation not to have void orders on its docket. Well, unlike some of those things, if the trial court never had jurisdiction, a dismissal of the appellate court in the appeal for lack of jurisdiction doesn't – you can't revest the trial court with something it never had. Correct. Yes, another good point, Your Honor. And additionally, the mandate is binding, and it told the court that it could not issue orders. But it did tell the court that it said that there was no jurisdiction in the appeal. Because the appellate court also did not have jurisdiction, correct? So it said exclusive jurisdiction – It's upward than that jurisdiction. Exactly. So exclusive jurisdiction of the matter was in the Illinois Commerce Commission, and all prior orders were vacated as void. There was no direction to the trial court. Well, the opinion itself provided direction to the trial court, which was don't issue orders because they're valid or they're void. Well, where's that statement on the opinion? When the opinion vacated all prior orders as void. Prior orders. Correct. But the logical – Prior orders. Correct. But the logical extension of that is necessarily that there was error in deciding any orders at all because the court lacked jurisdiction over the case. What this court – Those were substantive orders, right? Orders that dealt with substantive issues between the parties. There were substantive orders included. However, the opinion did not make that distinction. It said all prior orders are vacated as void. What were the all prior orders? Were they substantive orders? They were both. What other kind of orders can we have? For example, a motion to extend a deadline would have been – Is that a procedural order? Sure. But the ones on appeal were substantive rulings by the court, right? Summary judgment? Yes. The appeal was – The appeal was a matter. What was vacated were the judgments dealing with rulings dealing with substantive matters. That was the appeal. Correct. Although voluntary dismissal is also a substantive matter because it's requested by the plaintiff and gives the plaintiff certain rights. So I'm not sure that the distinction matters much here. The appeal was exclusive – The court held that exclusive jurisdiction lined with the Commerce Commission. Correct. And therefore the trial court had no jurisdiction over that. To issue any orders, correct. Because the matter was exclusively belonged in the Illinois Commerce Commission. And 109 itself actually provides in subsection B that any issue, any motion pending that might finally dispose of the matter can be considered before a voluntary dismissal. So even under Rule 109 itself – In 109, 109B, was there a pending motion? Well, arguably because it was pending and then decided by this court because – Vacated by this court. Well, the – Judgment order, you know – The denial of it was vacated on the basis that this court ruled it erred when it didn't grant it in the first place. Well, the defendant didn't refile the motion to dismiss the case for lack of jurisdiction. No, because this court did not remand the matter and ruled that the district court – I'm sorry, that the circuit court erred when it did not grant it in the first place and ruled that the circuit court cannot issue further orders. So that was the rationale for not filing it. But in fact, there was – once the court made this ruling, there was no motion by the defendant to dismiss this case under 619A1 – I think it's A1 – because the court lacked jurisdiction. Correct, because the law of the case was that functionally the case was already dismissed by this court. When the court didn't say that. The court did dismiss the case from this court because it lacked jurisdiction after saying that all orders of the circuit court were vacated because exclusive jurisdiction lies with the ICC. And like I say, normally when an appeal is dismissed, that means – In many cases, because generally it's unusual for a circuit court not to have jurisdiction over something. In this case, however, exclusive jurisdiction lies elsewhere. This court ruled that and dismissed the case solely on the basis that it does not have jurisdiction. So the question is, can you follow the court's mandate, which said the circuit court has no authority to do anything in this case and exclusive jurisdiction should lie with the ICC by then granting affirmative relief afterwards? And the answer is no, you can't follow the mandate. That's entirely – So your position is the trial court can thereafter do absolutely nothing? If the trial – I believe that because there was no remand, we could not have moved under 2619. That would have been asking the coordination order. Had the court sui sponte, involuntarily dismissed the case, it would have had inherent authority to do that. But the matter as a practical matter was already decided by vacating all of the prior orders, ruling that jurisdiction lied exclusively with the ICC and filing its mandate that finally disclosed the matter. Before it ever got to this appeal, your motion that was denied that this court vacated was the very fact that the court lacked jurisdiction. Correct, and that was brought up again as summary judgment, yes. And the appellate court agreed with you. Yes. And the court denied that motion. And again, it wasn't refiled after the court's opinion. But that was your original motion from the kickoff. I mean, one of the original motions. Yes, both that motion – Correct, at the trial level during the motion to dismiss and motion for summary judgment, yes. Yes, correct. And the court agreed with us that Illinois Supreme Court precedent dictated. You know, that's why – that's the reason I'm wondering if this isn't – First paragraph on the second paragraph. I think that – Because then it deals with if there's a ruling by the Supreme Court without a remand and without correction, then – and there's something at the trial level that's sitting there. All the judgments that were previously – all the reports that were previously in there were vacated. Correct. And the appeal was dismissed because the appellate court lacked jurisdiction then. So you've got this thing there at the trial level. And I understand your position is that implicitly the opinion added these words, and they're enforcing the elector's diction on the appeal, that the case below is dismissed or like in the Flowers case, the foreground reason is that just how certain appellate courts are vacated in this Flowers case is because of lack of jurisdiction. And remanded to the Supreme Court with directions to dismiss these proceedings for lack of jurisdiction. That's what happened in the Flowers case. That didn't happen in this case. It did not. However, the circuit – this court was very clear that the circuit court lacked jurisdiction over the matter. It was exclusively with the ICC and that the circuit court had no authority to grant any sort of relief in the matter. So there should be, under your view, like when there are cases like this, there is at the trial level these cases that are just hanging there without – in the file, without – at the trial level, without any order disposing of them. They're just sitting there. And the attorneys are supposed to assume something happened. Like, again, in Flowers, there was a remand to the trial court with directions to dismiss the proceedings for lack of jurisdiction. It is my position, actually, that the circuit court's order did – that this court's order, I'm sorry, did resolve the action because it said that all prior orders were voided and there was no jurisdiction over it. So that is a resolution of the action. Why do you think, in Flowers, that the Supreme Court said that? If that was already implicit? Sometimes you can go about things more than one way, I guess, Your Honor. But this – but there have been Supreme Court – I'm sorry. Why would they do it in the Supreme Court? Why would the Supreme Court need to do that if it had already been taken care of? The Supreme Court has done what this court did as well, which is to say, you know, because there's nothing else for us to do, because the lower court lacked jurisdiction, we also lacked jurisdiction, and therefore we dismissed. So – They dismissed the appeal. Correct. Yeah. Yeah, but the question is, what happens in regard to the trauma court? What can they – can they not do for, as Justice Carter has described, the concept of limo? So, again, if this court has said there is no jurisdiction over the action and the court has no authority to issue orders, that is not limo. That is saying the action belongs in ICC. And there is a mandate on file and the case is closed. The case file was closed in the circuit court when this happened, when this motion was filed. So it certainly says, regardless of the procedural niceties of how to best signal that cases are closed and for what reason they're closed, in this case, what certainly happened was that the court said there's no jurisdiction to grant relief, and then a court granted relief. That is contrary to both jurisdiction and mandate rules, and also contrary to 109, in part because of subsection B, which makes clear that if there's something that finally disposes of an action, such as all orders should be decided by the ICC. You can't go to A if there's something that's pending that would dispose of the action. That's the question here. Was anything pending? I think it was previously pending and had been decided by this court. Well, the orders were vacated by the jurisdiction. Yes, and the substantive holding, which was that there is exclusive jurisdiction in the ICC, and the ICC is the only one with jurisdiction to hear this cause. And that's, you know, all across the state, and there are motions filed seeking to dismiss cases based on the fact that trial court does not have jurisdiction. That's the first thing you see in 619, isn't it? Of course. Are you talking about before appeal? Yes, absolutely. So then that's one of the questions here. After this appeal, you know, one of the questions is, what was left? What does it mean that what was left? There's probably a law on that, but I mean, what was left? I think in this case, certainly what is left is you have to follow the rule, the law of the case that this court laid down. Do you think you could have filed, based on this court's opinion, when this case was ruled, you could have filed a new year motion under 619 that said you want this case dismissed for lack of jurisdiction and point to this appellate court's ruling? Could you have done that? This is not on the record, Your Honor, but we asked the clerk whether we should do that, and we're told no. That the only time the clerk of court of Will County who said no, that you only do that if there is a remand and there are specific procedures for how to go about reopening a case after an appellate mandate if there is a remand. The clerk told you that? Yes, the clerk of court, yes. And it's logically consistent because there is no remand, and the court has been clear about what should happen. What was the basis for the clerks? That there was no remand. And they decided that the clerks did? There was, I mean, the court's case didn't say there was a remand. No, I'm just asking what citations of authority the clerks had for that. Local rules about how to reinitiate a case after appeal. Local rules. Yes. However, again, whether or not there was a case, what's happened here is that the court said there's no jurisdiction to grant relief, and then the circuit court granted relief. And that is, if your honors, you know, would like to go past jurisdiction in the mandate, you can also look at section 109, which the Gwens of Hanover Condo Association case on page 17 of the opening brief says if there's no remand, then it's error. There's no case to dismiss. And, again, if there's no jurisdiction over the case in the first place, there's no jurisdiction to revest upon dismissal. And then there's something there about the case you're talking about. What happened in that case? There was a reversal and remand in that case. In this case, there was no, I'm sorry, there was a reversal with no remand. Pardon me. Okay. In this case, there's no reversal. However, the court clearly found error. So it's largely an academic point whether it's error without. So the whole case was just reversed outright. Correct. And here there was error outright and then no remand. And here the orders were vacated and the appeal dismissed lack of jurisdiction. But in the case you're talking about, the appeal wasn't dismissed for lack of jurisdiction. Correct. That's correct. Thank you, your honors. Thank you. Proceed. May it please the court, Neal Smith for the Village of Bolingbroke. Your honors. I want to get right down to the heart of something here. Go ahead. Look, when this court issues its mandate, and that mandate goes back down to the circuit court, it revests the trial court with jurisdiction. Now, there's an opinion. It was a little bit of it. Wait, wait, wait. How can it revest? Didn't the opinion specifically help? We find that the commission has exclusive jurisdiction over plaintiff's claim. As such, the trial court's rulings are void. So we have, the holding of that case was that the exclusive jurisdiction was in the Congress. So how can you revest somebody for something they never had? The subject matter of jurisdiction is with the Illinois Congress Commission. The trial court always has jurisdiction. In this case, it was a smidgen. It was just a little bit of jurisdiction. But they always, they still had jurisdiction. And isn't the law that if the trial court, if the trial court lacks subject matter jurisdiction, it has jurisdiction to do one thing, dismiss the case? It always has that jurisdiction to dismiss the case. And that's the only jurisdiction it has if it lacks subject matter jurisdiction. Right, although, you know, before, that's correct. But before Rossi, we were also talking about, you know, if one of the attorneys had acted like a jerk, he could have held them in contempt of court under that same case number. He still has. There's some inherent jurisdiction that the courts have to maintain their docket and to make sure people aren't in contempt of court. So as I understand it, then, the trial court had jurisdiction after the mandate issued to dismiss the case. They had jurisdiction. A little bit. It's just a smidgen. But they had jurisdiction. I'm not quantifying it. But they had jurisdiction. It's like being a little bit pregnant tomorrow if you're not. Okay, so let's not do smidgens here. Yeah. You're saying they had jurisdiction to dismiss the case. They had jurisdiction. They always have jurisdiction to dismiss the case. They always have that jurisdiction. Well, the jurisdiction they have to enter contempt order would be just because the person was in the judge's courtroom and acted a fool and got himself and got in trouble. So whether there was a case pending or not, the judge has personal jurisdiction over a lawyer appearing in his courtroom. All right? So it's not that jurisdiction defines somebody in contempt. A direct criminal contempt doesn't stem from being a valid case. I probably won't go down that road further, Your Honor, but I will say this is that they always have jurisdiction to dismiss. They always do. They always have jurisdiction. Your motion was to what? Pardon me? Your motion that you let her go home. My motion was for a motion to voluntarily dismiss the case per 2-1-0-0-9. And that court dismissed the case. They entered a voluntary dismissal order. I satisfied all the requirements of 1-0-0-9. And when you do that and you satisfy all those requirements, it's a dismissal. It's an unfettered right. It's, you know, as a right to have it voluntarily dismissed. And the courts always have jurisdiction. They can voluntarily dismiss it, and that's what happened. That's what happened. Well, at the time your motion was decided, there wasn't another motion. It was refiled under 619 to dismiss the lack of jurisdiction. That's right. If there had been another motion, we might have been in, you know, there might have been an argument otherwise. I think they would have counseled a better argument because there was nothing. There was no motion. Then you would have been precluded under B from filing your A motion. I don't think I would have been precluded. I think it would have been under Judge Rossi's sound discretion because I think that Section B is a may. Judge Rossi could still voluntarily dismiss it if there had been another motion on file. It was Judge Rossi's sound discretion. But since there was no motion on file, since they didn't have a motion on file, it was unfettered right to voluntarily dismiss it. If a court doesn't have jurisdiction, doesn't it have a corresponding duty to dismiss a case with or without a motion? No, because they didn't have subject matter jurisdiction. They always – they had – I brought the matter back before the trial court. Is that – the Supreme Court issued people for suspense and they called in and questioned some of those aspects about how much a trial court could do to respond to that. Are you familiar with that case? I'm not. Yeah, I'm not. But the cases that are in my brief, Swope, Marriage of Palisades, Glasgow and Meyer, are that they always have jurisdiction. They always have that jurisdiction. And I have not seen – I don't know if the people case was a criminal issue and had some nuances. I don't know. But I know is that the cases – the cases I have is that they always have jurisdiction. They have jurisdiction. That's the jurisdiction they have. And that's the jurisdiction Judge Rossi had. In fact, he didn't have discretion. If you had walked in and said, hey, Judge, we'd like a continuum. Give us 90 days because we think we're going to file a motion to dismiss. You got jurisdiction to grant that? It's procedural. After this case, after this order? It's procedural, so yes. Yes. Yeah. It's procedural. And it's a procedural – they don't have – Subject matter jurisdiction. The ICC has subject matter jurisdiction. Once a court doesn't have subject matter jurisdiction over a case, then it doesn't have jurisdiction over any aspect of that case. Procedural, substantive, pick one. And it has jurisdiction to do one thing once it's determined it has no subject matter jurisdiction, and that is dismiss the case. And they dismissed it. They dismissed our case. So they complied with that. They complied with their – with the only thing – with their jurisdiction. So I think that, as a matter of fact, Judge Rossi had no discretion about it because this was a motion to voluntarily dismiss. It's unfettered as a matter of right when you satisfy this 1009 criteria. Is it implicit in 21009 that, gee, the court's got jurisdiction over a voluntary dismissal of a valid case, a case that is pending before the court? Like I say, Your Honor, the trial court – I don't think it's implicit. I think that these – the Supreme Court rules, the Code of Civil Procedure all work in harmony in this case and lead to the only logical conclusion is that the trial court had this case on its docket. I re-motioned it up. I said dismiss it because that's part of your jurisdiction. Voluntarily dismiss it. Do you have any doubts on the fact that the other side could have filed a motion before the trial court to dismiss 1719? Yeah, I think they could have. I think they could have filed a motion. I don't see why they would have not been able to do that. Then that could have caused you some problems based on the discretion, I guess, of the judge. Yeah, it could have. Let me ask this. After this opinion, was the PLA filed? Yes. The PLA was filed with the Supreme Court. That's right. Okay. I take it. Obviously, they denied it. They denied it, yes. And that's why there was – your decision was June. The mandate revested in November. So the reason there was a little bit longer than normal is the PLA. And you'd agree that the holding in the previous opinion was we find that the commission has exclusive jurisdiction over Plaintiff's claim. That was your opinion. Correct. And, Justice Smith, I know you were on that panel that made that decision. We filed our case now with the ICC. We're going forward with that. We're arguing the case there. But this was tying up loose ends, voluntarily dismissing it in order to preserve our arguments before the ICC. This is a very important public policy here, too, is preserving – deciding the cases on the merits instead of procedural maneuver. Well, you don't have jurisdiction. It's a procedural aspect. That's why people file 619-81 motions, right, to provide the jurisdiction. Yeah. Or people take a dismissal because they're in the wrong court. Correct. I mean, when you're in the wrong court, plaintiffs file for a dismissal action, and defendants file for a dismissal based on lack of jurisdiction, right? Correct. And then there are complete motions. Yeah, that's right. Suppose this was a case that was supposed to be filed in the court of claims. Injured plaintiff could have taken a voluntary dismissal. Oops, I filed in Louisville County. I should have filed in the court of claims. I voluntarily dismissed it. Now I'm going to go file in the court of claims. You'd agree that an order entered without jurisdiction is void, right? Correct. Okay. Now, let's suppose you've got a case that goes through trial, and the defendant never picks up on the jurisdictional issue, and it goes through discovery, and it's a civil case. It goes through a six-week jury trial and an award for the plaintiff of whatever, seven figures. And two years later, they explain that the trial court never had jurisdiction, and if the courts of review agree that it never had jurisdiction, it didn't matter that the defendant didn't file a 2619 for lack of jurisdiction in the trial court if the court's jurisdiction is not discretionary. Either courts have it or they don't. So all that is out the window because the trial court lacks jurisdiction. Would you agree? Even though nobody ever filed a 2619 motion. Yeah, there's always that ability by litigants, by the court, to raise that issue of jurisdiction at any time. I agree with that. Part of the issue in this case is can there be at the trial level a case just hanging, to use the word limber, just hanging limber without any specific dispositive order from either the trial court, the appellate court, or the Supreme Court asking about proceedings below? Well, this case was there. It was a case number that was an active case number. And it was an active case number. Well, the circuit clerk doesn't get to decide who's got jurisdiction and who doesn't. That active case number is irrelevant. The fact that it's not off the clerk's books, that doesn't point to the fact that there is or isn't jurisdiction. Yeah, no, I agree with that. But Rule 369 does say. And Rule 369 says that's an active case. So it's not the circuit court clerk saying it's an active case. It's Supreme Court Rule 369A and B saying it's an active case. That's the rule that says it's an active case. That rule, by the way, came from a Supreme Court case from 1925. They basically used the language of that Supreme Court case to write Rule 369. That's what says this is an active case. It would have been a reach for the trial judge after this opinion was issued and the PLA was denied and this thing came up on the trial judge's docket. And I said, gee, I see the appellate court said the exclusive jurisdiction lies with the Commerce Commission. Ergo, case dismissed. Bam. Without being told to do that. Could he have done that? Is that what you're asking? Could they or should they have done that? You know, I think he could have. But I don't think there's a should have either. Exclusive jurisdiction is not really an ambiguous phrase. The exclusive jurisdiction lies with the Commerce Commission. You're a trial judge. That means you don't have any. Yeah, and respectfully, Judge, you may be focused on what happens after a voluntary dismissal, the implications after that. But a voluntary dismissal, a dismissal sui sponte or a dismissal by Illinois American is all the same. It's not ruling on the substance. It's voluntarily dismissing. It's doing something. It's doing what the court has jurisdiction to do, dismiss. The result is the same as the court has jurisdiction to do. A complaint that's filed without jurisdiction is a nullity, is it not? It's subject to being a nullity. I mean, if nobody ever raises the issue. And so, look, we all know what this is about. It's about trying to relation back at some point on statutes of limitations. But the point of it is can you hold the statute of limitations by filing a nullity in the circuit court and then voluntarily dismissing it and using that to bootstrap a case back later into the circuit court saying, well, I'm within the limitations period because I voluntarily, I had this on file then at this earlier point. Well, let me say, you know, I think that under the rules that they can be done. But that's why these rules work in harmony because there's another portion of the rule to 1009 that says if someone files a motion to dismiss involuntary 2619A1 motion to dismiss, then the court can hear that and prohibit the kind of game plan you're talking about. So that's how the rules work in harmony. So it's discretionary with the judge in that case? Right. It's a may under 1009. It's discretionary. It's a may. So how does a judge without jurisdiction exercise discretion? Well, he had jurisdiction. He had jurisdiction to dismiss. And if he's not exercising substantive discretion, I mean, he's got to have discretion to, say, call the case, to announce that we're all sitting in the courtroom and he's using his discretion to even call the case, announce the case, attorneys, please step up. I mean, you already ruled you don't have jurisdiction, but here we are right here. You have jurisdiction to dismiss. You have that jurisdiction. The trial court has that jurisdiction.  You issued a mandate saying the Illinois Commerce Commission has substantive matter jurisdiction. The mandate went back down. It was filed to the appellate court clerk. And the trial court was vested with all the jurisdiction that was left after your mandate. And what was left was the ability for the trial court to dismiss the case. And I went in on a motion and asked the trial court to do just that, to do a voluntary motion to dismiss. And I satisfied, the village satisfied all the requirements of that section. Did you notice the other part? Pardon me? Yeah. Yeah. Yeah, the counsel was there. We argued. We had a dispirited argument. And so he had notice through there. And Judge Rossen thought about it a lot. He asked some questions. And he said, you know what, I'm going to bring the voluntary dismissal. And he had jurisdiction to do that. Well, what's the impact of an appellate decision that dismisses an appeal for lack of appellate jurisdiction? Dismisses an appeal for lack of appellate jurisdiction? Yeah. Dismisses an appeal for lack of appellate court jurisdiction. And then it goes back to Rule 369. It goes back down to the trial court for further proceedings, further appropriate proceedings. And that's the Rule 369 that works in harmony with these other statutes that put this case squarely back before Judge Rossen for him to exercise jurisdiction to dismiss. Thank you. Counsel? Thank you, Your Honors. I'd like to address a couple points. The first is that the villages argument relies on the notion that there is no difference between voluntary dismissal and the sort of involuntary dismissal that is within the inherent authority of the court. But there is a distinction, and a very important distinction. One is statutory. You don't have an unfettered right to anything from a court that has no jurisdiction over the matter. So there's no unfettered right to something that a court has no power to give you. In the last few years, the Supreme Court has issued some limitations on the inherent authority of a trial court to suespontly dismiss cases. Correct. However, it has not put any limits on the inherent authority and duty, indeed, of a court, both appellate and circuit court, to ensure that no void orders are on its docket. So that's another important distinction is something that is granting affirmative. So the court is following its duty by involuntarily dismissing a claim and clearing its docket and ensuring that nothing void is on its docket. It is contravening that duty. If it issues affirmative relief to a party at that party's request and over opposition from the other party. So your position is the court, under your position, the court could have been in its inherent power after it saw the readily appellate court being there. The court could have suespontly dismissed this case for lack of jurisdiction. It is our position that the case was finally resolved by the mandate that was on file in the closed case file in the circuit court. But that the court certainly had a duty not to issue further void orders. So your position is the appellate court opinion, which didn't demand a direction from the other, but the appellate court opinion also implicitly dismissed the trial court proceeding. I believe it resolved the trial court proceeding. Whether you use the term dismiss or not, it resolved it because it informed everybody. It said exclusive jurisdictions with the ICC, we vacate all prior orders and we're not remanding. And you never would have gone to dismiss yourself, right? Correct. Because it had been decided in that if you read the transcript of the argument, that's the position taken before the circuit court, too, is this case has already been decided. And the clerk of the court said that. Well, the clerk, we did ask out of an abundance of caution, but we also reviewed the case law, and we reviewed the opinion, and we have consistently taken the position, including in front of the trial court when this was argued, that the case was decided. One other brief point that I'd like to raise is counsel argued that somehow assisting a party with a 1009 dismissal is evading the merits of the action. The Supreme Court, the Illinois Supreme Court, has stated unequivocally that statute of limitations are part of the merits of the action. And, in fact, if you look at the provision that the village cited in support of its interpretation of 1009, which it claims says that the code of civil procedure should be encouraged or should be interpreted to decide actions on the merits, that section is 735 ILCS 5.1-106, what it actually says is that the code of civil procedure should be construed to, quote, speedily and finally, I'm sorry, to ensure that controversies are, quote, speedily and finally determined, an important goal of the statute of limitations, according to the substantive rights of the parties. Statute of limitations is part of the substantive rights of the parties. So, actually. That specific thing is in front of us today and not the impact of all this. Correct, but it shows that this, what is before you today, if you decide to interpret 1009 as opposed to looking at the jurisdictional or mandate-based arguments, then you have to construe it in accord with this statute, which encourages you to construe it consistent with the statute of limitations. And just as a policy matter, you know, there's no time limit. If Plaintiff's argument is correct, there's no time limit on when a party could come in and voluntarily dismiss an action that it's had its substantive answer to as far as jurisdiction goes. You know, this was seven months after the fact. It could be five years after the fact. And you could say, well, there's never been a formal dismissal, so give me another year on my statute of limitations. And by the same token, there's no time limit for when somebody can come in and say, hey, by the way, the trial court lacked jurisdiction to do what it did. Correct. Under that. You can do that. Jurisdiction is not discretionary. It's an issue of law, and either the court has it or it doesn't have it. Correct. But that only works if, again, if Plaintiff's argument is correct, the court does have jurisdiction to grant affirmative relief in the form of voluntary dismissal, which means that that affirmative relief could come along at any point. If our argument is correct, then absolutely it can and should be challenged. Well, I'm assuming I was just making the assumption that you were arguing that your argument was correct. Yes. Right. No, my point is if you accept the Plaintiff's argument, it would have adverse consequences and potentially, you know, prejudice. In fact, in this case, it prejudices my clients because we've now gone through six years of litigation that was not our choice of forum where we consistently said we're in the wrong forum, we're in the wrong forum, paid for that. In the meantime, these claims are now, you know, they started in 2003. They're now 14, 15 years old, and memories fade and, you know, witnesses become harder to come back. Sure. That's why I guess I'm trying to understand the legal basis for your position that you couldn't file a 619-A motion. Because there was no remand, the court had informed us that the circuit court had no authority to issue orders, grant requests, so making a motion is a request by us. And while the court certainly had inherent authority not to issue void orders, such as this one. Well, this one dismissed the case. Voluntarily dismissed the case. Correct. But, again, Plaintiff's argument only works if there's no substantive difference between voluntary and involuntary dismissal, and there is a huge substantive difference. Thank you, Your Honor. The court will take this matter under advisement and render a decision. I'll take a break for the panel.